IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CATRINA SMITH, TARA HOLLOMAN and NATASHA MOSLEY,

CASE NO.: 19-CA-
FLA BAR NO.: 0739685

    Plaintiffs,

v.

SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC. d/b/a BAPTIST MEDICAL CENTER JACKSONVILLE,

    Defendant.

_____/

## COMPLAINT

Plaintiffs, CATRINA SMITH, TARA HOLLOMAN, and NATASHA MOSLEY, hereby sue Defendant, SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC. d/b/a BAPTIST MEDICAL CENTER JACKSONVILLE, and allege:

### NATURE OF THE ACTION

1. This is an action brought under Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§2612, 2624, §440.205 and Chapter 760, Florida Statutes.

2. This action involves claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, CATRINA SMITH, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her actual or perceived disability and/or record of impairment. Moreover, Plaintiff was retaliated against after seeking benefits protected under FMLA.

4. At all times pertinent hereto, Plaintiff, TARA HOLLOMAN, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her actual or perceived disability and/or record of impairment.

5. At all times pertinent hereto, Plaintiff, NATAHSA MOSLEY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her actual or perceived disability and/or record of impairment. Plaintiff was also retaliated against after seeking benefits protected under workers compensation and FMLA.

6. At all times pertinent hereto, Defendant, SOUTHERN BAPTIST HOSPITAL OF FLORIDA, INC. d/b/a BAPTIST MEDICAL CENTER JACKSONVILLE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## **CONDITIONS PRECEDENT**

7. Plaintiffs have satisfied all conditions precedent to bringing this action in that Plaintiffs filed charges of discrimination with the Florida Commission on Human Relations and with the EEOC. This action is timely filed thereafter.

## **STATEMENT OF THE ULTIMATE FACTS – CATRINA SMITH**

8. Plaintiff began her employment with Defendant in July 2016 and held a position in food service at the time of wrongful termination on January 1, 2018.

9. Despite Plaintiff's stellar work performance during her employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of her actual or perceived disability and record of impairment.

10. The disparate treatment came at the hands of specifically, but not limited to Dietary Manager Chloe Wolf, and HR Representative Jessica McFealey.

11. Plaintiff was injured on the job and filed for leave under FMLA. Specifically, on October 9, 2017, Plaintiff was diagnosed with Plantar Fasciitis due to the extensive walking accompanied with her position at Defendant. That same day, Plaintiff subsequently filed for FMLA and was approved.

12. On December 7, 2017, Plaintiff's doctor placed her under light duty work restrictions, which Defendant failed to reasonably accommodate, forcing her to work outside of her restrictions. Specifically, Plaintiff's accommodation required a restriction on walking during the work day. On numerous occasions, Defendant requested that Plaintiff ignore her accommodation and perform work by walking around more than her physician recommended.

13. Plaintiff repeatedly reported to Manager Wolf and HR Representative McFealey regarding Defendant's failure to accommodate her, with no corrective action taken. At all times pertinent hereto, Plaintiff was able to perform the essential functions of her position with Defendant with or without accommodations.

14. On December 12, 2017, Plaintiff filed an internal grievance with no corrective action taken. Thereafter, Plaintiff met with HR Representative McFealey and Dietary Manager Wolf to discuss the continued refusal to reasonably accommodate her. In this meeting, Plaintiff emphasized that her work restrictions were not up for discussion. However, in response and in retaliation, Plaintiff was sent home for the day.

15. Due to Defendant's failure to reasonably accommodate her, Plaintiff passed out in the restroom at work on December 15, 2017 and was rushed to the emergency room.

16. On January 1, 2018, in continued discrimination for her disability and in retaliation for filing for FMLA leave, Plaintiff was wrongfully terminated.

17. Plaintiff contends there is a pattern and practice of disparate treatment by Defendant towards food service employees due to actual or perceived disabilities, records of impairment, and failure of Defendant to reasonably accommodate.

18. Several other employees also have charges of discrimination filed against Defendant, including but not limited to Natasha Mosley and Tara Holloman.

19. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## STATEMENT OF THE ULTIMATE FACTS – TARA HOLLOMAN

20. Plaintiff began her employment with Defendant in November 2007 and held a position in food service as a diet clerk at the time of her wrongful termination on January 1, 2018.

21. Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her actual or perceived disability and/or record of impairment. Moreover, Defendant refused to reasonably accommodate Plaintiff for her actual or perceived disability.

22. The mistreatment came at the hands of specifically without limitation Dietary manager Chloe Wolf, Director Gerald Quick, and Human Resource Representative Jessica McFealey.

23. Plaintiff suffers from a serious medical condition and was on work restrictions by her doctor which Defendant was aware of.

4

24. After ten (10) years working for Defendant, in November 2017, Plaintiff was informed she was going to be terminated as Defendant no longer would accommodate her disabling conditions. Thereafter, Defendant removed Plaintiff from the schedule and contended she had until December 31, 2017 to find alternate employment. Defendant told Plaintiff she could apply for work in other departments within Defendant, which Plaintiff did. However, Plaintiff was denied employment in every department she applied. In comparison, co-worker Edith Pate, a non-disabled employee, was immediately transferred to another department when Defendant took her job title away. At all times pertinent hereto, Plaintiff was able to perform the essential functions of her position with Defendant with or without accommodations.

25. On January 5, 2018, HR representative Jessica McFealey contacted Plaintiff and asked her to come to Defendant to sign severance papers. However, Defendant only offered Plaintiff nine (9) weeks of severance pay, despite Plaintiff's ten (10) years of loyal service. As such, Plaintiff refused to sign the severance papers.

26. Plaintiff contends she has been treated less favorably than other employees who were transferred to other departments, specifically but not limited to co-worker Edith Pate. Plaintiff contends there is a pattern and practice of disparate treatment by Defendant towards food service employees due to actual or perceived disabilities, records of impairment, and failure of Defendant to reasonably accommodate.

27. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

**STATEMENT OF THE ULTIMATE FACTS – NATASHA MOSELY**


28. Plaintiff began her employment with Defendant on May 5, 2015 and held a position in food service at the time of her wrongful termination on February 6, 2018.

29. Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her actual or perceived disability and/or record of impairment. Moreover, Defendant refused to reasonably accommodate Plaintiff for her actual or perceived disability.

30. The mistreatment came at the hands of specifically without limitation Dietary Manager Chloe Wolf, a white female, Director Gerald Quick, a white male, and HR Representative Jessica McFealey, a white female.

31. Plaintiff suffers from a serious medical condition which Defendant is aware of. Specifically, on October 15, 2016, Plaintiff was hit with a food cart by co-worker James (l/n/u) resulting in an injured her shoulder. Later on, this shoulder injury created extreme back pain for Plaintiff. Thereafter, Plaintiff sought benefits protected under workers compensation in the form of medical care and extensive physical therapy. Due to this ongoing injury, Plaintiff was approved for reasonable accommodations in the form of light duty work and restrictions on pushing carts around Defendant.

32. On or around February 8, 2016, Plaintiff was approved for FMLA attendant care leave to help her mother. On November 16, 2017, Plaintiff was accepted for further FMLA attendant care leave to care for her son. However, each time she exercised her rights under FMLA and/or workers compensation leave, Plaintiff faced retaliation from Defendant.

33. By way of example, on September 16, 2017, Plaintiff was reprimanded for missing work days, despite the missing days being protected under her FMLA leave. Each time Plaintiff returned from FMLA protected leave, Defendant issued verbal and written reprimands.

28. Plaintiff began her employment with Defendant on May 5, 2015 and held a position in food service at the time of her wrongful termination on February 6, 2018.

29. Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of her actual or perceived disability and/or record of impairment. Moreover, Defendant refused to reasonably accommodate Plaintiff for her actual or perceived disability.

30. The mistreatment came at the hands of specifically without limitation Dietary Manager Chloe Wolf, a white female, Director Gerald Quick, a white male, and HR Representative Jessica McFealey, a white female.

31. Plaintiff suffers from a serious medical condition which Defendant is aware of. Specifically, on October 15, 2016, Plaintiff was hit with a food cart by co-worker James (l/n/u) resulting in an injured her shoulder. Later on, this shoulder injury created extreme back pain for Plaintiff. Thereafter, Plaintiff sought benefits protected under workers compensation in the form of medical care and extensive physical therapy. Due to this ongoing injury, Plaintiff was approved for reasonable accommodations in the form of light duty work and restrictions on pushing carts around Defendant.

32. On or around February 8, 2016, Plaintiff was approved for FMLA attendant care leave to help her mother. On November 16, 2017, Plaintiff was accepted for further FMLA attendant care leave to care for her son. However, each time she exercised her rights under FMLA and/or workers compensation leave, Plaintiff faced retaliation from Defendant.

33. By way of example, on September 16, 2017, Plaintiff was reprimanded for missing work days, despite the missing days being protected under her FMLA leave. Each time Plaintiff returned from FMLA protected leave, Defendant issued verbal and written reprimands.

34. On or about October 18, 2017, Plaintiff was ordered by her supervisor to provide meal options to the residents at Defendant. However, Plaintiff was immediately reprimanded for doing so, despite Plaintiff simply following the order of her Supervisor.

35. Thereafter, the retaliation continued. On December 7, 2017, Defendant issued Plaintiff a warrantless write up for another absence protected under FMLA.

36. In or around December 2017, Plaintiff was suspended for one (1) day under contrived allegations. On December 12, 2017, Plaintiff requested a grievance resolution to resolve her wrongful write up and suspension. However, Plaintiff never received a response from Defendant and was not given the opportunity to defend herself against the suspension.

37. On January 24, 2018, Plaintiff received a letter from Defendant detailing her proposed termination. Specifically, Defendant contended Plaintiff could not return to work until she was able to work twelve (12) hours a day and was able to push a cart. However, both requirements went directly against Plaintiff's accommodations outlined by her doctor and there were accommodations available that would have relieved Plaintiff from these obligations.

38. Thereafter, on February 6, 2018, Plaintiff was terminated effective immediately after Defendant failed to reasonably accommodate her.

39. Defendant failed to reasonably accommodate Plaintiff and has treated her less favorably than other co-workers, specifically but not limited to Edith Pate regarding specifically but not limited to medical leave, work schedule, and transfers to another facility.

40. Plaintiff contends there is a pattern and practice of disparate treatment by Defendant towards food service employees due to actual or perceived disabilities, records of impairment and failure of Defendant to reasonably accommodate them as several other

employees have filed charges of discrimination, specifically but not limited to Catrina Smith and Tara Holloman.

41. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

<div align="center">

**COUNT I**
**DISABILITY DISCRIMINATION**
**(Brought by all Plaintiffs)**

</div>

42. Paragraphs 1- 41 are realleged and incorporated herein by reference.

43. This is an action against Defendant for disability discrimination brought under Chapter 760, Florida Statutes.

44. Plaintiffs have been the victims of discrimination on the basis of their disabilities or perceived disabilities or records of having impairments. During the course of Plaintiffs' employment with Defendant, they were treated differently than similarly situated nondisabled/perceived-as-disabled employees.

45. Defendant is liable for the differential treatment and its refusal to accommodate Plaintiffs and to engage in the interactive process with them, which adversely affected the terms and conditions of Plaintiffs' employment with Defendant. Defendant controlled the actions and inactions of the persons making decisions affecting Plaintiffs or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiffs.

46. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were disability/perceived-disability based and in violation of the laws set forth herein.

47. The discrimination complained of herein affected a term, condition, or privilege of Plaintiffs' continued employment with Defendant. The events set forth herein lead, at least in part, to Plaintiffs' terminations.

48. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon disability or perceived disability or her record of having an impairment.

49. As a direct and proximate result of Defendant's conduct described above, Plaintiffs has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief and to punitive damages.

## COUNT II
### RETALIATION – SECTION 440.205
**(Brought by Plaintiff's Natasha Mosely)**

50. Paragraphs 1-7 and 28-41 are re-alleged and incorporated herein by reference.

51. This is an action against Defendant for retaliation under §440.205, Florida Statutes. At all times pertinent hereto, Defendant has been subject to Chapter 440, Florida Statutes.

52. Plaintiff was employed with Defendant when she was injured on the job. Plaintiff desired to seek or sought compensation and/or benefits including without limitation medical care under Chapter 440, Florida Statutes and was retaliated against for making or attempting to make such a claim.

53. Defendant retaliated against Plaintiff because she was injured on the job and had a valid claim for compensation and benefits under Chapter 440.

9

54. Defendant's actions set forth above violate §440.205, Florida Statutes, which prohibits an employer, such as Defendant, from coercing, retaliating against or otherwise adversely affecting an employee who attempts to or does claim entitlement to workers' compensation benefits under the laws of the State of Florida. Plaintiff was questioned about filing workers' compensation claim and became aware that doing so would result in termination as exhibited in the termination of other employees of Defendant.

55. As a direct and proximate cause of the actions set forth in part above, Plaintiff has been damaged, which damages include but are not limited to lost wages and other tangible and intangible damages and every other kind of damage allowed by law. Plaintiff has also suffered emotional pain and suffering damages and other intangible damages that continue to day. Plaintiff is also entitled to injunctive/equitable relief and punitive damages.

## COUNT III
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
### (Brought by Plaintiff Natasha Mosely and Catrina Smith)

78. Paragraphs 1- 19 and 28-41 are re-alleged and are incorporated herein by reference.

79. This is an action against Defendant for harassing Plaintiffs due to using leave time, and for terminating Plaintiffs for taking time off that was authorized by and protected under the FMLA. This is thus an interference and retaliation claim.

80. After taking leave for serious health conditions, Defendant harassed Plaintiffs and took adverse personnel actions against them for using leave that was protected under the FMLA.

81. Plaintiffs were denied rights and benefits conferred by the FMLA and were terminated after taking protected leave.

82. Defendant's violations of the FMLA were willful.

83. As a direct and proximate result of Defendant's willful, wanton, and malicious acts described in part above, Plaintiffs have sustained damages for the loss of employment, as well as the security and peace of mind it provided. Plaintiffs have sustained mental, nervous, and emotional injury. Plaintiffs have incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of his job. These damages have occurred in the past, are occurring at present and will continue in the future. Plaintiffs are entitled to liquidated damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) enter judgment against Defendant and for Plaintiffs awarding all legally-available general and compensatory damages and economic loss to Plaintiffs from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiffs awarding Plaintiffs attorney's fees and costs;

(f) award Plaintiffs interest where appropriate;

(g) award Plaintiffs punitive damages against Defendant; and

    (h)    grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury on all issues herein that are so triable.

DATED this 3rd day of April 2019.

                                              Respectfully submitted,

/s/ Marie A. Mattox
Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P. A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
Marie@mattoxlaw.com
Secondary emails:
michelle@mattoxlaw.com
marlene@mattoxlaw.com

ATTORNEYS FOR PLAINTIFFS